**STATE, ex rel. PRINCE v. BETTNER, et ux.**

No. H.C. 2338.

Circuit Court, Dade County.
December 17, 1962.

Williams, Solomon, Kenney & Lindzon, Miami, for petitioner.

Wakeman & Newbold, Miami, for respondents.

ROBERT H. ANDERSON, Circuit Judge.

On February 22, 1961, Betty Jeanne Prince was granted a final decree of divorce from her husband, Rono A. Prince, in the district court of Webb County in the 11th judicial district of Texas. By the terms of the decree she was given the care, custody and control of the minor children of the parties, Heather Jeanne Prince and Cynthia Ann Prince. The husband was directed to pay her $150 a month for the support of the children. The court approved a property division made by them.

On June 30, 1961, Rono A. Prince was discharged from the United States Air Force and took up his residence in Dade County. His wife, Betty Jeanne Prince, also came to Dade County where her parents, Edward Bettner and his wife, Elizabeth Bettner, live. Betty Jeanne Prince left the two children in the care of her parents in Miami and went to New York in search of work.

On September 25, 1961, the father of the children, Rono A. Prince, brought a habeas corpus proceeding against the grandparents, Edward Bettner and Elizabeth Bettner, alleging that he was the father of the children and that custody was given to the mother by the Texas court at the time the divorce was granted and that she had turned the custody over to her parents. At that time he requested only visitation rights. The court granted them by its order of October 3, 1961 (file no. H. C. 2299).

On April 16, 1962, Rono A. Prince filed another petition for a writ of habeas corpus in which he alleged that there had been a change of circumstances affecting the legal rights of the parties and the subject matter, and that he was now released from the United States Air Force and had remarried and was residing in South Miami Heights in Dade County. He alleged that he had a comfortable home suitable for the care, custody and rearing of the two children, and was engaged in the real estate business in the greater Miami area; that his former wife, Betty Jeanne Prince, had surrendered the care and custody of the children to her father and mother and was residing in New York but he did not know in what pursuit she was engaged. He alleged she was not so situated to properly care for and rear the children. He asked for a writ of habeas corpus to secure the custody of the children. The writ issued to Edward Bettner and Elizabeth Bettner commanding them to have the children before the court

on August 11, 1962, to do and receive what should then be considered about them. Betty Jeanne Prince was not a party to this proceeding.

Some delay occurred in the case and it was regularly scheduled for hearing on Friday, September 28, 1962. At that time the respondent, Edward Bettner appeared with his counsel Arthur Seltzer and L. J. Cushman and asked for a continuance on the ground that the correspondent, Elizabeth Bettner, was in the hospital and that counsel had not had adequate time to prepare a defense. The court continued the cause until October 19, 1962 at 1:30 P.M. on counsel's plea for a continuance because respondent Elizabeth Bettner, was not able to attend the hearing. They also advised the court that they wished to bring the mother of the children, Betty Jeanne Prince, down for the hearing but had been unable to reach her. The court granted the continuance and stated that the petitioner could have the children in the meanwhile, for the hours of 10 A.M. to 6 P.M. on Monday, Wednesday and Friday of each week pending further order of the court, and particularly until the hearing on the 19th of October, and could have the children at 10 A.M. on Saturday morning, September 29th.

At the time last mentioned, the petitioner, Prince, went to the residence of respondents and was met by Mrs. Bettner's mother who told them that the children had been removed by the mother and taken to New York. Whereupon counsel for the respondents withdrew from the case.

The petitioner then requested the court to issue a rule to the respondents directing them to show cause why they should not be held in contempt for their refusal to abide the court's order for the appearance of the children. A rule was issued to the respondents, Edward Bettner and Elizabeth Bettner, to show cause on October 3, 1962, why they should not be held in contempt for their refusal to obey the order of the court.

At the hearing scheduled for September 28, 1962 — which was actually held on November 19, 1962 — the respondent, Edward Bettner, said that he was at work on September 28 and the children were at home when he left, but when he got home they were gone. The respondent, Elizabeth Bettner, said that she was admitted to Doctor's Hospital on September 27 at 5 P.M. and remained there until September 28, at approximately 5 P.M. When she arrived at her home the children were gone.

When the writ of habeas corpus was issued in this case to the Bettners, they had the actual custody of the children. The writ was properly served, giving this court jurisdiction and it was

binding on them. That jurisdiction could not be defeated by taking the children beyond the territorial jurisdiction of the court, so the court did not lose jurisdiction by reason of their removal. It had jurisdiction to inquire into the cause of their detention. That jurisdiction could not be affected by spiriting them out of the state by the respondents, but the respondents did not do so. The mother, who had the lawful custody of the children, apparently thought so and acted on that belief. Now it may be admitted that the court was tricked. The court is certain that the grandparents or one of them, communicated with the mother of the children and advised her that the writ of habeas corpus had issued requiring them to appear before the court at a time certain and show cause why they deprived the petitioner of the custody of the children, but that begs the question. The respondents did not *do* anything in an attempt to deprive the court of its jurisdiction, unless they communicated with the mother and advised her what was going on (and they or one of them probably did) but they deny it and it hasn't been proved.

In any event, the mother of the children has their custody in New York at this time. Under the decree of the Texas court granting the divorce, she is entitled to it. It may be that she has done something to forfeit her right to the custody of the children, but that cannot be assumed. She is not a party to this case. This court has no jurisdiction over her and if the court found the respondents in contempt and punished them for it, the order would probably be reversed. The writ of habeas corpus is discharged.